NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

FILED
JEANNE A. NAUGHTON, CLERK
MAY -3 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

In re:

RICHARD LUTZ and
SUSAN M. DIBIASE LUTZ

Debtors.

Case No. 16-26969 (JNP)
(substantively consolidated)

Chapter 11

Judge: Jerrold N. Poslusny, Jr.

## OPINION

**APPEARANCES:**

Ellen McDowell
McDowell Posternock Apell & Detrick, PC
46 West Main Street
Maple Shade, NJ 08052

*Attorneys for the Debtors,
Richard Lutz and Susan M. DiBiase Lutz*

James Patrick Shay
Phelan Hallinan Diamond & Jones
1617 JFK Blvd.
One Penn Center
Suite 1400
Philadelphia, PA 19103

*Attorneys for the Creditor,
U.S. Bank Trust N.S. as Trustee for
LSF9 Master Participation Trust*

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the court is a Motion to Sell Property Free and Clear of Liens (the "Motion"). The Motion concerns the sale of 351 Creek Road, Moorestown, New Jersey (the "Property"). Richard Lutz and Susan M. DiBiase Lutz (the "Debtors") seek approval of the sale of the Property free and clear of liens. U.S. Bank Trust (the "Secured Creditor") objects to the sale asserting that Section 363(f) of the Bankruptcy Code does not permit the Debtor to sell the Property free and clear of liens for a sale price that is less than the aggregate face value of the liens against the Property. For the reasons set forth below, the Court denies the Motion.

## BACKGROUND

On February 13, 2008 the Debtors executed a Mortgage and Note on the Property. On January 21, 2015, the Mortgage was assigned to the Secured Creditor who currently holds the endorsed note. The Debtors filed separate petitions for Chapter 11 protection and the Secured Creditor filed a secured claim in the amount of $2,379,562.94. See Proof of Claim No 19. The Property has been on the market for five years. The original asking price was $5.5 million but the price has been reduced over time. The last asking price for the Property was $1,999,999.00. Lutz Cert. ¶ 5. In the five years the property has been listed, the Debtors received four offers. The current offer is for $1,300,000.00. DiBiase Lutz Cert ¶ 6. In addition to the $1.3 million dollar offer for the Property, the buyers have also offered $408,350 for personal property owned by the Debtors (the "Furnishings"). The Debtors assert that the Furnishings would sell for much less if they were sold separate from the Property.

## JURISDICTION

The Court has jurisdiction over these cases under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), & (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## DISCUSSION

### I. Section 363 of the Bankruptcy Code

The Debtors assert that Section 363(b) of the Bankruptcy Code permits the sale of the Property. They argue that the language in the statute will allow the Secured Creditor to obtain the indubitable equivalent of its claim. Section 363(b)(1) of the Bankruptcy Code provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, . . .

Section 363(f) of the Bankruptcy Code allows for sales free and clear of liens in certain situations. Sections 363(f)(2) and (3) of the Bankruptcy Code provide:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if . . .
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property . . . .

11 U.S.C. § 363(f).

The Secured Creditor does not consent to the sale of the Property for $1.3 million. Therefore, the Court can only approve the sale if one of the other exceptions under 363(f) applies. The parties agree that the only exception that could apply in this case is Section

---

[1] To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

363(f)(3) - if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property.

The parties dispute the definition of "value" in Section 363(f)(3) of the Code. The Debtors argue that the Court should interpret the term "value" to mean "economic value," a value they admit is lower than the face value of the liens. To support their definition, the Debtors rely upon In re Collins, where the court found "value" to mean "actual value to be determined by the Court." In re Collins, 180 B.R. 447, 450 (Bankr. E.D. Va. 1995). The Debtors further argue that the court should consider the sale of the Property in conjunction with several other factors, including that the sale will effectively maximize the value of the Furnishings, as was done in Collins.

The Secured Creditor notes that the District Court of New Jersey has rejected the interpretation of "value" in Collins and defined "value" as the face amount of the claim secured by the lien. See In re WDH Howell, LLC, 298 B.R. 527 (D.N.J. 2003). In Howell, the District Court employed a common sense analysis of the plain language of the statute and looked to the surrounding language to determine congressional intent. Id. at 532. The District Court determined that value cannot mean "economic value" when read in the context of the proceeding term "greater than" because the "the sale price for the overencumbered property can never be greater than the aggregate economic value of the liens on the property." Id. at 532 (citing In re Canonigo, 276 B.R. 257, 262-63 (Bankr. N.D. Cal. 2002)).

The Court agrees with the persuasive authority of Howell and concludes that the term "value" means the face value of the lien. Because the $1,300,000.00 proposed sale price of the Property is less than the face value of the lien, Section 363(f)(3) of the Bankruptcy Code does not apply.

## CONCLUSION

For the reasons set forth above, the Court cannot approve the sale of the Property free and clear of liens because the Secured Creditor does not consent to the sale of the Property and the face value of the liens are greater than the proposed sale price. The Debtor's Motion is DENIED.

Dated:  May 3, 2017

_____
JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE